UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

Hydra-Flex, Inc.,

Plaintiff,

v.

Hoffman Car Wash, Inc. and InnovateIT Carwash Equipment, LLC,

Defendants.

Case No. 1:20-CV-562
Hon. [GLS/DJS]

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Hydra-Flex, Inc. ("Hydra-Flex") for its Complaint against Defendants Hoffman Car Wash, Inc. ("Hoffman Car Wash") and InnovateIT Carwash Equipment, LLC ("InnovateIT") alleges:

## INTRODUCTION

1. This is an action for direct and contributory infringement of Plaintiff's United States Patent No. 8,887,743 ("the '743 Patent") under the United States Patent Act, 35 U.S.C. § 1 *et. seq.*, including at least 35 U.S.C. §§ 271 and 281-285, based on Defendants' unauthorized commercial manufacture, use, offer for sale, and sale of the Infringing Products, as defined below, in the United States.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because Defendants were incorporated and have their principal places of business in New York.

4. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendants were formed under the laws of New York, have their principal places of business in this District, and have committed acts of infringement in this District.

**PARTIES**

5. Plaintiff Hydra-Flex is a business corporation organized under the laws of the State of Minnesota. Its principal place of business is in Minnesota. Hydra-Flex is a fluid handling solutions leader in the vehicle car wash, hydro-excavation, industrial cleaning, and sewer jetting industries.

6. Hydra-Flex was founded in 2002 by two individuals driven to find a better way to manufacture innovative and reliable fluid handling products. Through hard work and its commitment to innovation, Hydra-Flex has grown into a nationally known manufacturer of high quality, reliable fluid-handling products. It has received awards and recognition for its work and successful growth.

7. Defendant Hoffman Car Wash, Inc. is a business corporation organized under the laws of the State of New York. Its principal place of business is in Albany, New York.

8. Defendant InnovateIT Carwash Equipment, LLC is a limited liability company organized under the laws of the State of New York. Its principal place of business is in Albany, New York.

**FACTS**

9. As set forth below, Defendants operate car washes and manufacture car wash equipment. Sometime before July 2018, Defendants began manufacturing, using, and supplying car wash equipment that infringes Hydra-Flex's '743 Patent to non-party Simoniz USA, Inc., a supplier of chemicals used in car washes. Simoniz then supplied the infringing equipment to its

customers, including non-party car wash companies Shammy Shine Car Washes & Quick Lubes ("Shammy Shine") and Scrub-A-Dub Auto Wash Centers, Inc. ("Scrub-A-Dub").

10. When confronted with their infringement, Defendants did not deny that their equipment infringed the ’743 Patent or answer Hydra-Flex's questions regarding the scope of Defendants’ manufacture, use, and sale of infringing equipment. Instead, Defendants offered an extended explanation of why they believed the ’743 Patent was invalid.

11. Defendants proceeded to initiate an *ex parte* reexamination of the ’743 Patent by the U.S. Patent and Trademark Office, contending all claims of the ’743 Patent were invalid. The U.S. Patent Office disagreed with Defendants’ theories of invalidity when it confirmed that all thirteen original claims of the ’743 Patent, as well as a new claim 14, were patentable.

**The ’743 Patent**

12. The ’743 Patent, entitled "Chemical delivery system and platform," was duly and legally issued on November 18, 2014, and names Christopher Molitor, Gary A. Brown, and David Kensinger as the inventors. Attached as **Exhibit 1** is a true and correct copy of the ’743 Patent.

13. Hydra-Flex is the assignee of the entire right, title, and interest in the ’743 Patent, with full rights to pursue recovery of royalties or damages, including full rights to recover past and future damages, and injunctive relief for infringement.

14. Hydra-Flex has complied with the requirements of 35 U.S.C. § 287 with respect to the ’743 Patent.

15. The ’743 Patent valid, subsisting, and enforceable.

16. As described in the ’743 Patent, it is often more convenient and less expensive to transport and store chemicals in concentrated form than in their diluted, working concentrations. Many chemicals are diluted before use, for example, with water. There are a variety of

technologies designed to mix water with concentrated chemicals for working use. These technologies address at least two challenges concentrated chemicals present—their corrosive effects and their viscosity (thickness).

17. Concentrated chemicals are often used in automated car washes. Some chemical mixing and delivery systems for car washes require extensive space. For example, a typical automated car wash might have a tank for a pre-mixed solution, multiple pumps, and valves associated with the variety of chemicals, detergents, and other rinsing or washing agents. Some car washes dilute chemicals with water and then store them for subsequent use by a spraying system, which demands even more space.

18. The operating environment for a typical automated car wash also presents unique challenges to an installed chemical delivery system. The often small, enclosed spaces and high moisture environment make it desirable to employ equipment and components that are resistant to the corrosive effects of humidity and the chemicals in use. Further, automated car washes are often located adjacent to service stations that may be staffed by only one employee. This individual may not always be available to provide service to the car wash if there are maintenance problems, so it is desirable to reduce the number of components in a system, especially those that are prone to wear, such as pumps and mechanical valves.

19. Inconsistent water pressure is another challenge for automated car washes. Liquid-level filling systems (commonly known as “HydroMinders”) dilute chemicals with water. These systems are susceptible to changes in water pressure resulting in changes to the concentration of the diluted product.

20. The inventors of the invention claimed in the ’743 Patent saw the need for chemical delivery systems that occupy as little space as possible, require a minimum amount of

service, and accurately and consistently deliver an appropriate quantity of concentrated chemicals with appropriate dilution ratios.

21. The invention claimed in the ’743 Patent achieves these goals and is directed to a dispensing system for use in automated car washes. The system is compact and requires minimal maintenance, while at the same time providing for consistent and accurate chemical dispensing.

**Defendants’ Infringing Activities and Products**

22. Defendants have and continue to infringe the ’743 Patent by making, using, selling, and offering for sale their “dispenseIT System,” their “dispenseIT SS AF” system, and other similar systems whose trade names are unknown to Hydra-Flex but known to Defendants (“the Infringing Systems”) in the United States that embody or use the inventions claimed in the ’743 Patent.

23. Defendants have been and are continuing to contributorily infringe the ’743 Patent by selling or offering to sell the Infringing Systems, knowing them to be especially made or especially adapted for practicing the invention of the ’743 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

24. Defendants have known of the existence of the ’743 Patent, and their acts of infringement have been willful and in disregard for the ’743 Patent, without any reasonable basis for believing that they had a right to engage in the infringing conduct.

**I. Scrub-A-Dub’s Use of Infringing Systems Manufactured by Defendants**

25. On July 20, 2018, counsel for Hydra-Flex wrote to Robert Paisner, the then-registered agent for non-party Scrub-A-Dub.

26. Scrub-A-Dub is a business corporation organized under the laws of the State of Massachusetts with its principal place of business in Natick, Massachusetts.

27. Scrub-A-Dub operates car washes in Massachusetts, Rhode Island, New Hampshire, and Maine.

28. Counsel for Hydra-Flex informed Scrub-A-Dub that at least one of its wash systems appeared to infringe the ’743 Patent.

29. The letter included a detailed representative claims analysis showing how Scrub-A-Dub’s system appeared to practice every claim of the ’743 Patent. The detailed representative claims analysis is attached hereto as **Exhibit 2**.

30. Scrub-A-Dub’s system meets every limitation of at least independent claims 1 and 8 of the ’743 Patent, either literally or under the doctrine of equivalents, as illustrated by the detailed representative claim analysis in Exhibit 2 and incorporated by reference herein.

31. Counsel conveyed Hydra-Flex’s demand that Scrub-A-Dub (1) “Immediately stop making, using, selling, offering for sale, or importing into the United States the Scrub-A-Dub wash system. If Scrub-A-Dub is making, using, selling, offering for sale, or importing into the United States other products that infringe one or more claims of the ’743 patent, immediately cease that infringing activity as well.”; (2) “Remove the Scrub-A-Dub wash system from all car washes using such systems in the United States.”; (3) “Provide a detailed list of every the Scrub-A-Dub wash system Scrub-A-Dub has made, used, sold, offered for sale, or imported into the United States.”; and (4) “Account to Hydra-Flex for each use of the Scrub-A-Dub wash system.”

32. Counsel’s letter to Scrub-A-Dub requested a response no later than August 10, 2018.

33. Hydra-Flex reserved the right to seek damages and all available remedies, including injunctive relief, for Scrub-A-Dub’s past and ongoing infringement.

34. Scrub-A-Dub did not respond to the July 20 letter, and counsel for Hydra-Flex wrote to Mr. Paisner again on August 30, 2018, requesting a response.

35. Scrub-A-Dub never responded to the letters.

## II. Shammy Shine's Use of Infringing Systems Manufactured by Defendants

36. Also on July 20, 2018, counsel for Hydra-Flex wrote to Craig Stem, an executive at Shammy Shine.

37. Shammy Shine is a business entity, or several related business entities using the same trade name, with its or their principal place of business in Milford, New Jersey.

38. Shammy Shine operates car washes in New Jersey and Pennsylvania.

39. Counsel for Hydra-Flex informed Shammy Shine that at least one of its wash systems appeared to infringe the '743 Patent.

40. The letter included a detailed representative claims analysis showing how Shammy Shine's system appeared to practice every claim of the '743 Patent. The detailed representative claims analysis is attached hereto as **Exhibit 3**.

41. Shammy Shine's system meets every limitation of at least independent claims 1 and 8 of the '743 Patent, either literally or under the doctrine of equivalents, as illustrated by the detailed representative claim analysis in Exhibit 3 and incorporated by reference herein.

42. Counsel conveyed Hydra-Flex's demand that Shammy Shine "Immediately stop making, using, selling, offering for sale, or importing into the United States the Shammy Shine wash system. If Shammy Shine is making, using, selling, offering for sale, or importing into the United States other products that infringe one or more claims of the '743 patent, immediately cease that infringing activity as well."; (2) "Remove the Shammy Shine wash system from all car washes using such systems in the United States."; (3) "Provide a detailed list of every the Shammy Shine wash system Shammy Shine has made, used, sold, offered for sale, or imported

into the United States."; and (4) "Account to Hydra-Flex for each use of the Shammy Shine wash system."

43. Counsel's letter to Shammy Shine requested a response no later than August 10, 2018.

44. Hydra-Flex reserved the right to seek damages and all available remedies, including injunctive relief, for Shammy Shine's past and ongoing infringement.

45. Shammy Shine did not respond to the July 20 letter, and counsel for Hydra-Flex wrote to Mr. Stem again on August 30, 2018, requesting a response.

## III. Defendants' Manufacture of Infringing Systems for Chemical Supplier Simoniz USA, Inc., which Provides the Infringing Systems to its Customers

46. On September 10, 2018, Mr. Stem of Shammy Shine wrote to counsel for Hydra-Flex. Mr. Stem stated that "[t]he equipment in question at our Kingston Rd 248 PA location was provided to us free of charge by our supplier Simoniz USA, INC." Mr. Stem stated: "Please direct any further correspondence to Simoniz USA, Inc."

47. Simoniz USA, Inc. is a business corporation organized under the laws of the State of Connecticut. It is registered to do business in the State of New York. Simoniz describes itself on its website as "is an industry-leading manufacturer of cleaning and protection products for auto dealerships, professional car washes and providers of professional housekeeping and building maintenance services." *See* https://www.simoniz.com/ (Accessed Apr. 28, 2020).

## IV. InnovateIT's and Hoffman Car Wash's Infringement

48. On September 11, 2018, attorney Michael Hoffman of Hoffman Warnick, LLC, a law firm based in Albany, wrote to counsel for Hydra-Flex and stated "[w]e represent InnovateIT Carwash Equipment, LLC ('InnovateIT'), who manufactured the chemical dispensing devices utilized by Shammy Shine and Scrub-A-Dub, to whom you sent letters alleging infringement of

the 8,887,743 patent." Attorney Hoffman requested ten business days "to evaluate the '743 patent and the devices."

49. On September 13, 2018, counsel for Hydra-Flex wrote to Attorney Hoffman. In the September 13 letter, counsel explained that it had come to Hydra-Flex's attention that car wash systems operated by Hoffman Car Wash may also infringe the '743 Patent. Counsel observed that it appeared that InnovateIT and Hoffman Car Wash were related entities.

50. New York Secretary of State records indicate that InnovateIT's address for service of process is the same as Hoffman Car Wash's principal executive office—1757 Central Ave, Albany, NY 12205.

51. News media accounts indicate that "InnovateIT shares a building with some Hoffman Development Corp. staff at 18 Kairnes St. in Colonie, NY." The exterior of the building displays the Hoffman Car Wash and InnovateIT logos:




InnovateIT shares a building with some Hoffman Development Corp. staff at 18 Kairnes St. in Colonie.

*See* https://www.bizjournals.com/albany/news/2019/04/16/hoffman-car-wash-manufacturing-facility-albany.html#g/452682/9 (Accessed Apr. 28, 2020).

52. Counsel for Hydra-Flex requested that Attorney Hoffman also address Hoffman Car Wash's apparent infringement. Counsel's September 13 letter is attached hereto as **Exhibit 4**.

53. As reflected in Exhibit 4, counsel for Hydra-Flex provided photographs of additional carwash systems operated by Hoffman Car Wash that apparently infringe the '743 Patent. Counsel for Hydra-Flex requested that Hoffman Car Wash provide detailed schematics and photographs of all such car wash systems, including the two systems pictured in Exhibit 4.

54. Attorney Hoffman did not substantively respond and when contacted by counsel for Hydra-Flex on October 3, replied on October 4 indicating he "should have a more complete response within the next week or so."

55. Meanwhile, around October 2, 2018, at the Northeast Regional Carwash Convention at the Atlantic City Convention Center in New Jersey, Simoniz and InnovateIT displayed a car wash system that appears to infringe the '743 Patent:





56. On October 4, Attorney Hoffman wrote to counsel for Hydra-Flex, enclosed a purported prior art reference, and stated, “I should have a more complete response within the next week or so.”

57. On October 15, counsel for Hydra-Flex again inquired as to when Attorney Hoffman would respond substantively.

58. On October 18, Attorney Hoffman provided a substantive response to Hydra-Flex’s letters. Attorney Hoffman did not dispute that the Scrub-A-Dub, Shammy Shine, or Hoffman Car Wash systems infringed the ’743 Patent. Nor did Attorney Hoffman respond to any of Hydra-Flex’s requests for additional information to Defendants. Instead, Attorney Hoffman provided a multipage purported invalidity analysis, from which Attorney Hoffman concluded that the ’743 Patent was not valid.

59. On April 16, 2019, the Albany Business Review reported that “The owner of the Hoffman Car Wash chain has invested roughly $800,000 to start making parts for automated car

washes in-house, under the name InnovateIT. The division is also selling the parts to other car washes across the country. … InnovateIT has five employees at its facility at 18 Kairnes St. in Colonie. It shares a building with Hoffman Car Wash's warehouse operations, IT, construction, maintenance and landscaping staff. … Beyond making parts for Hoffman Car Wash locations, InnovateIT is also selling to other car washes across the country."

60. The Albany Business Review article continued, "InnovateIT is also making chemical solution dispensing systems for Simoniz, a Connecticut company that makes car wash cleaning products. The systems spray chemicals onto cars in the wash." The article quoted Hoffman Car Wash CEO Tom Hoffman Jr. as saying Simoniz "decided to buy our dispensing systems for their customers, so we're building a bunch of these all the time."

61. InnovateIT advertises a "dispenseIT System" on its website that appears to be the same as the apparently infringing systems as used by Hoffman Car Wash, Shammy Shine, and Scrub-A-Dub. *See* https://innovateitcarwash.com/products/dispenseit/ (Accessed Apr. 28, 2020).

62. InnovateIT's website also advertises the "dispenseIT SS AF" system and suggests that system is the same as the "dispenseIT System," although the "dispenseIT SS AF" system is not pictured. *See* https://innovateitcarwash.com/products/dispenseit-ss-af/ (Accessed Apr. 28, 2020).

## V. The U.S. Patent Office's *Ex Parte* Reexamination

63. On May 8, 2019, Hoffman Warnick LLC, by Attorney Hoffman, filed a request for *ex parte* reexamination of the '743 Patent with the U.S. Patent and Trademark Office.

64. The request for *ex parte* reexamination included a thirty-eight page argument that the '743 Patent was invalid that relied on five purported printed publications and included five separate invalidity charts addressing various claims in the '743 Patent.

65. On June 6, 2019, the U.S. Patent Office granted the request for *ex parte* reexamination.

66. According to U.S. Patent Office statistics, the U.S. Patent Office has granted 91% of the requests for *ex parte* reexamination filed from June 1981 through September 30, 2018. *See* https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_roll_up.pdf (Accessed Apr. 28, 2020).

67. On September 10, 2019, the U.S. Patent Office issued a non-final rejection of the claims in the ’743 Patent.

68. On December 10, 2019, Hydra-Flex responded to the U.S. Patent Office’s rejection. Hydra-Flex also presented new independent claim 14 as patentable.

69. On January 29, 2020, the U.S. Patent Office issued a Notice of Intent to Issue *Ex Parte* Reexamination Certificate. The U.S. Patent Office confirmed that original claims 1-13 of the ’743 Patent were patentable and that newly presented claim 14 was patentable.

70. On February 21, 2020, the U.S. Patent Office issued an *ex parte* reexamination certificate for the ’743 Patent. *See* Exhibit 1.

71. On April 28, 2020, counsel for Hydra-Flex wrote to counsel for Defendants again asking, among other things, that Defendants stop infringing the ’743 Patent and take steps to remedy Defendants’ past infringement. Defendants did not respond.

72. In light of the U.S. Patent Office’s confirmation that all claims in the ’743 Patent are patentable, and Defendants’ refusal to stop infringing the ’743 Patent or respond to any of the requests in Hydra-Flex’s correspondence set forth above, Hydra-Flex files this Complaint.

## CAUSES OF ACTION

### Count I – Direct Patent Infringement

73. Hydra-Flex repeats and realleges paragraphs 1 through 71 hereof, as if fully set forth herein.

74. Defendants have been and are infringing the ’743 Patent by making, using, selling, or offering for sale in the United States, including within this District, the Infringing Systems in violation of 35 U.S.C. § 271(a).

75. Defendants’ infringement has been, and continues to be knowing, intentional, and willful.

76. Defendants’ acts of infringement of the ’743 Patent have caused and will continue to cause Hydra-Flex damages for which Hydra-Flex is entitled to compensation pursuant to 35 U.S.C. § 284.

77. Defendants’ acts of infringement of the ’743 Patent have caused and will continue to cause Hydra-Flex irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Hydra-Flex has no adequate remedy at law.

78. This case is exceptional and, therefore, Hydra-Flex is entitled to an award of attorneys’ fees pursuant to 35 U.S.C. § 285.

### Count II – Contributory Patent Infringement

79. Hydra-Flex repeats and realleges paragraphs 1 through 77 hereof, as if fully set forth herein.

80. Defendants have been and are contributing to the infringement of the ’743 Patent by selling or offering to sell the Infringing Systems, knowing them to be especially made or especially adapted for practicing the invention of the ’743 Patent and not a staple article or

commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).

81. Defendants' infringement has been, and continues to be knowing, intentional, and willful.

82. Defendants' acts of infringement of the '743 Patent have caused and will continue to cause Hydra-Flex damages for which Hydra-Flex is entitled to compensation pursuant to 35 U.S.C. § 284.

83. Defendants' acts of infringement of the '743 Patent have caused and will continue to cause Hydra-Flex immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Hydra-Flex has no adequate remedy at law.

84. This case is exceptional and, therefore, Hydra-Flex is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## REQUEST FOR RELIEF

**WHEREFORE**, Hydra-Flex requests judgment against Defendants as follows:

1. Adjudging that Defendants have infringed and contributorily infringed the '743 Patent, in violation of 35 U.S.C. § 271(a) and (c);

2. Granting an injunction permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '743 Patent;

3. Ordering Defendants to account and pay damages adequate to compensate Hydra-Flex for Defendants' infringement of the '743 Patent, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

4. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

5. Declaring this case exceptional and awarding Hydra-Flex its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

6. Awarding Hydra-Flex its costs; and

7. Awarding such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff Hydra-Flex, Inc. demands a jury trial on all the issues so triable.

DATED: May 19, 2020

DORSEY & WHITNEY LLP

By: *s/ Ben D. Kappelman*
Shannon L. Bjorklund
(pro hac vice to be filed)
bjorklund.shannon@dorsey.com
Ben D. Kappelman
kappelman.ben@dorsey.com
(N.D.N.Y. Bar Roll No. 701697)
Payton Elizabeth George
(pro hac vice to be filed)
george.payton@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone No.: (612) 340-2600
Facsimile No.: (612) 395-5451

*Attorneys for Plaintiff Hydra-Flex, Inc.*